STATE of Iowa, Appellant,

v.

Kevin KLUESNER, Appellee.

No. 85–422.

Supreme Court of Iowa.

June 18, 1986.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen., James W. Herrig, Co. Atty., and Ralph R. Potter, Asst. Co. Atty., for appellant.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, CARTER, WOLLE, and LAVORATO, JJ.

WOLLE, Justice.

We granted discretionary review in this case to answer the narrow question whether Iowa Code section 910.2 (1983) imposes a duty upon the trial court to order restitution in a deferred judgment case. The statute imposes that duty, and we therefore reverse and remand for entry of an appropriate restitution order.

On January 21, 1985, defendant pleaded guilty to a charge of theft in the second degree, a violation of Iowa Code sections 714.1(1) and 714.2(2) (1983). The district court accepted the plea and granted a deferred judgment, placing defendant on probation. *See* Iowa Code §§ 901.5, 907.3

(providing statutory authority for deferring judgment as one sentencing option for second-degree theft).

The State asked that defendant be ordered to pay restitution pursuant to Iowa Code section 910.2 (1983), which provides in pertinent part:

In all criminal cases except simple misdemeanors under chapter 321, in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of his or her criminal activities and, to the extent that the offender is reasonably able to do so, to the county where conviction was rendered for court costs, court-appointed attorney's fees or the expense of a public defender when applicable.

The State argued that this language mandated a restitution order, because the trial court had accepted defendant's plea of guilty. The trial court, however, denied the State's request for restitution. The court reasoned that the duty to order restitution under section 910.2 arises only when a "judgment of a conviction" has been rendered, and "a deferred judgment is not deemed a conviction except when expressly so determined by statute." The trial court further wrote:

[S]ince the foregoing order [for deferred judgment] is not a judgment of a conviction, this court has no authority to impose conditions of restitution, and for that reason, no restitution is provided in this decree.

The language of section 910.2 is ambiguous in two respects: it is not clear whether the "upon which" phrase refers only to "special verdict" or also to "plea of guilty, and verdict of guilty"; and it is not clear whether the word "conviction" was intended to include an accepted plea of guilty followed by entry of an order for deferred judgment. In resolving these ambiguities we are aided by several principles of statutory construction listed in Iowa Code chapter 4 and other principles explained and applied in our cases. *See, e.g., Metier v.* *Cooper Transport Co.,* 378 N.W.2d 907, 912–13 (Iowa 1985) (resolving ambiguity in Iowa Code § 668.10 by analyzing its wording and purpose); *DeMore v. Dieters,* 334 N.W.2d 734, 737 (Iowa 1983) (applying both statutory and common law principles of construction in ascertaining meaning of Iowa Code § 123.47). Our ultimate goal, of course, is to give effect to the intention of the legislature. *DeMore,* 334 N.W.2d at 737; Iowa Code §§ 4.1, 4.6. The principles we apply in achieving that goal were well summarized in *State v. Schlemme,* 301 N.W.2d 721 (Iowa 1981):

We may consider the language used in the statute, the objects sought to be accomplished, the evils and mischief sought to be remedied, and place a reasonable construction on the statute which will best effectuate its purpose rather than one which will defeat it. We must examine both the language used and the purpose for which the legislation was enacted and consider all parts together without giving undue importance to one single or isolated portion.

*Id.* at 723 (citations omitted).

██ We first analyze the contextual ambiguity within section 910.2. The district court has the duty to order restitution when there has been "a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered." Defendant argues, and the district court held, that the "upon which" phrase modifies "plea" and "verdict" as well as "special verdict", making imposition of a judgment on the plea of guilty here a prerequisite for an order of restitution. We disagree.

██ Ordinarily, qualifying words and phrases refer only to the immediately preceding antecedent. *See Metier,* 378 N.W.2d at 913 (quoting *State v. Lohr,* 266 N.W.2d 1, 3 (Iowa 1978)). The absence of a comma following "special verdict" also suggests that the phrase "upon which a judgment of conviction is rendered" was intended to modify only "special verdict" and was not intended to travel further forward in the sentence to modify "plea of

guilty" or "verdict of guilty." It is noteworthy that a special verdict is different in character than a verdict or plea of "guilty" because it does not necessarily reflect a fact finding on a question of guilt. *See* Iowa R. Crim. P. 21(1) (verdict of guilty imports a conviction); 21(2) (suggesting special interrogatories that a jury may answer when returning a general verdict); 22(1) (providing there may be a "special verdict upon which a judgment of acquittal must be given"). A finding of guilt is a due process predicate to entry of an order for restitution. *See Fuller v. Oregon,* 417 U.S. 40, 49–50, 94 S.Ct. 2116, 2123, 40 L.Ed.2d 642, 652–53 (1974); *State v. Haines,* 360 N.W.2d 791, 795–96 (Iowa 1985).

We therefore resolve this first ambiguity in the statute by adopting the State's contention that restitution may be ordered without entry of a judgment of conviction.

The second ambiguity in section 910.2 concerns the meaning of "conviction." We have encountered difficulty with the legislature's use of that word in other statutes; "conviction" may have different meanings within different contexts. *Compare State v. Moyer,* 382 N.W.2d 133, 135–36 (Iowa 1986) *with State v. Ridout,* 346 N.W.2d 837, 839 (Iowa 1984). In *State v. Hanna,* 179 N.W.2d 503, 507–08 (Iowa 1970), we explained:

> In the restricted or technical legal sense in which it is sometimes used, the word "conviction" includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after determination by a jury verdict upon an assertion of innocence. Stated otherwise technically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.
>
> In its general and popular sense and frequently in its ordinary legal sense, the word "conviction" is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty.

(Citations omitted.)

In determining which meaning—technical or popular—the legislature had in mind in this restitution statute, we are aided by our certainty about its purposes. While we have construed the word "conviction" to have a relatively narrow and technical meaning where it appears in statutes used to enhance punishment, we have accepted a broader definition when protection of the public has been at stake. *See, e.g., State v. Blood,* 360 N.W.2d 820, 821–22 (Iowa 1985) (deferred judgment may be included in number of violations required for revocation of driving privileges because revocation "is not intended as a punishment to the driver, but is designed solely for the protection of the public in the use of the highways") (quoting 7A Am.Jur.2d *Automobiles and Highway Traffic* § 112 (1980)); *State v. Ridout,* 346 N.W.2d at 839–40 (deferred judgment not included within definition of offense under statute prescribing enhanced punishment for second, third or subsequent OWI offense); *State v. Ege,* 274 N.W.2d 350, 355–56 (Iowa 1979) (deferred sentence not a "conviction" for purposes of impeaching witness by showing previous "conviction"); *Iowa Beer and Liquor Control Department v. McBlain,* 263 N.W.2d 226, 226–27 (Iowa 1977) (deferred sentence not a "conviction" warranting suspension of liquor license under code section defining penalties for violation of statute prohibiting sale of beer to minors); *State v. Hanna,* 179 N.W.2d at 507–08 (ascertainment of guilt without entry of judgment constituted "conviction" for purpose of forfeiture of bond and revocation of liquor license, civil sanctions rather than criminal penalties).

This restitution statute serves to protect the public by compensating victims of criminal activities. The statute serves a second purpose, rehabilitation of the defendant. We said in *State v. Haines,* 360 N.W.2d at 795, that section 910.2 "goes beyond revenue recovery; it is designed to instill responsibility in criminal offenders."

Earlier, in *State v. Rogers*, 251 N.W.2d 239 (Iowa 1977), we noted:

> Trial court may have reasonably concluded reimbursement [of attorney fees] would enhance defendant's self-esteem and self-confidence in his community and thus contribute to his rehabilitation.

*Id.* at 244. With protection of the public and rehabilitation of the offender the purposes of the restitution statute, the word "conviction" is broad enough in that context to include an order for deferred judgment like that here entered by the district court.

Defendant points out that the restitution statute which was previously in effect, Iowa Code section 907.12(3) (1981), mandated restitution "[i]f the trial court exercises any of the sentencing options under section 907.3," language which more clearly included deferred judgments. He argues that the change in language must have been purposeful, demonstrating an intent to shrink mandatory restitution somewhat. We find no other support for that view and believe the legislature intended just the opposite result. We infer a legislative intent to expand victim restitution from the legislature's enactment of chapter 910 as a separate chapter of the Code containing new and more elaborate victim restitution programs. *See* 1982 Iowa Acts ch. 1162, codified as Iowa Code ch. 910 (1983).

The State's reading of Iowa Code section 910.2 is faithful to the statute's grammar and promotes its objectives. *See* Iowa Code § 4.2. The district court erred in failing to enter an appropriate order requiring defendant to make restitution.

REVERSED AND REMANDED.