# IN THE SUPREME COURT OF IOWA

No. 10–0689

Filed October 21, 2011

**STATE OF IOWA,**

　　Appellee,

vs.

**DENG KON TONG,**

　　Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, Judge.

A criminal defendant seeks further review of a court of appeals decision affirming the denial of his motion to dismiss. **COURT OF APPEALS DECISION AFFIRMED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Travis S. Johnson, Assistant County Attorney, for appellee.

**MANSFIELD, Justice**.

Deng Kon Tong appeals his conviction on the offense of being a felon in possession of a firearm in violation of Iowa Code section 724.26 (2009). Tong claims the district court erred in denying his motion to dismiss the charge because he had not been convicted of any felony at the time he allegedly possessed the firearm. Although Tong had pled guilty to a felony earlier that same year, he received a deferred judgment and a term of probation that had not been revoked. We conclude, for the reasons set forth herein, that Tong had been "convicted of a felony" within the meaning of section 724.26, and therefore affirm the decision of the court of appeals and the judgment of the district court.

## I. Background Facts and Proceedings.

Tong, a twenty-year-old high school student, pled guilty to a single count of burglary in the second degree on February 2, 2009. When sentenced on March 16, 2009, Tong received a deferred judgment and three years' probation pursuant to Iowa Code sections 901.5 and 907.3. In his written probation agreement, Tong agreed he would not own, possess, use, or transport firearms.

On December 15, 2009, Tong was arrested and charged with unauthorized possession of an offensive weapon (a sawed-off shotgun) under Iowa Code section 724.3. The charge was later amended to being a felon in possession of a firearm under section 724.26.

On February 8, 2010, Tong moved to dismiss the charge, claiming the trial information erroneously alleged he had been convicted of a felony even though his judgment and sentence for burglary had been deferred. Tong urged that a deferred judgment could not be considered a felony conviction for the purposes of section 724.26. The State resisted the motion to dismiss, and on February 22, 2010, the district court

denied it, reasoning that the expression "convicted of a felony" as used in section 724.26 included someone with Tong's status.

A jury found Tong guilty of possession of a firearm by a felon on March 16, 2010, and on April 19, 2010, Tong was sentenced to an indeterminate prison term of up to five years. Tong appealed, and we transferred the case to the court of appeals.

In a carefully-written opinion, the court of appeals affirmed the district court. The district court held that a deferred judgment entered on a felony charge qualified as a conviction under section 724.26. Tong sought further review from this court, and we granted his application.

## II. Standard of Review.

Matters of statutory interpretation and application are reviewed for errors at law. *State v. Stephenson*, 608 N.W.2d 778, 784 (Iowa 2000); *see also* Iowa R. App. P. 6.907. We are not bound by the trial court's determination of law. *State v. McCoy*, 618 N.W.2d 324, 325 (Iowa 2000).

## III. Analysis.

The only issue in this case is whether or not Tong was "convicted" of a predicate felony making him subject to Iowa's felon-in-possession statute. Iowa Code § 724.26. This statute reads:

> A person who is *convicted of a felony* in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult, and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm . . . is guilty of a class "D" felony."

*Id.* (emphasis added).

Our precedents recognize two different definitions of "convicted." The first requires only that guilt have been established either through a plea or a trial verdict. *See State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa

1986) ("In its general and popular sense and frequently in its ordinary legal sense, the word 'conviction' is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty." (internal quotation marks omitted)); *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 71 (Iowa 2002).

The second definition requires that postplea or postverdict judgment and sentencing have taken place. *Kluesner*, 389 N.W.2d at 372 ("[T]echnically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt." (internal quotation marks omitted)); *see also State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975) ("An adjudication of guilt is a judicial declaration of the defendant's legal guilt of the offense charged. The adjudication of guilt and imposition of sentence are the elements of judgment in a criminal case." (citations omitted)).

> Under Iowa law, a deferred judgment
>
> means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court and whereby the court assesses a civil penalty as provided in section 907.14 upon the entry of the deferred judgment. The court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment.

Iowa Code § 907.1(1). Thus, a deferred judgment qualifies as a conviction under the first definition but not under the second.

Historically, we have treated a deferred judgment as a "conviction" when the purpose of the statute was to protect the community, but not when the statute's purpose was to increase punishment. *See, e.g., Schilling*, 646 N.W.2d at 71–72 (holding a deferred judgment was a "final conviction" for driver's license revocation purposes and noting that "[w]e

have distinguished between a conviction used to increase a criminal penalty and one used to protect the public"); *Kluesner*, 389 N.W.2d at 372–73 (holding a deferred judgment was a "judgment of conviction" for the purposes of Iowa's restitution law because that law was intended to protect the public); *State v. Blood*, 360 N.W.2d 820, 822 (Iowa 1985) (holding a deferred judgment would be taken into account in determining whether the defendant had committed his third OWI offense for license revocation purposes as this provision was not intended to punish the driver but solely to protect the public); *State v. Ridout*, 346 N.W.2d 837, 839–40 (Iowa 1984) (holding a deferred judgment would not be taken into account in determining whether the defendant had committed the crime of third offense OWI, concluding this was a matter of "enhanced punishment," and finding this view "is reinforced by application of the rule that penal statutes are to be construed strictly, with doubts being resolved in favor of the accused"), *superseded by statute*, Iowa Code § 321.281(2)(*c*) (Supp. 1985).[1]

That distinction may be of limited usefulness here. We have said the felon-in-possession law is meant to protect the public. *See State v. Buchanan*, 604 N.W.2d 667, 669 (Iowa 2000) ("No one questions the legislature's purpose in prohibiting felons from possessing firearms. It is because the legislature considers them dangerous. This is a legitimate public purpose because such persons have an elevated tendency to commit crimes of violence." (citations omitted)). Yet, as a criminal statute, it is also a form of punishment for the person who unlawfully

---

[1]*See also Stille v. Iowa Dep't of Transp.*, 646 N.W.2d 114, 116–17 (Iowa Ct. App. 2001) (holding that a deferred judgment would be deemed a conviction for purposes of section 321J.21(2), which provided that a person convicted of driving while barred would have the term of his or her bar extended, noting that the statute was not intended as punishment of the driver but for the protection of the public in the use of the highways).

possesses the firearm.  *See State v. Kriechbaum*, 219 Iowa 457, 461–62, 258 N.W. 110, 111–12 (1934) (noting that a criminal prosecution abates on the death of the accused because the purpose of the criminal law is to punish the defendant).

A more salient point, in our view, is that section 724.26 applies both to persons who had been convicted of felonies and to persons who had been "adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult."  This tells us the legislature intended the statute to cover persons who had engaged in certain *conduct,* i.e., acts that constitute felonies, and supports a broad interpretation of the term "convicted."  Tong was twenty years old at the time he received his deferred judgment for the burglary (although he was still attending high school).  Had he been younger at the time of the original offense and adjudicated a delinquent, there would be no question as to his status as a felon for purposes of section 724.26.  When two persons commit the same offense, it would seem illogical for the legislature to have intended the juvenile but not the adult to be treated as a felon.

Also, at the time he was arrested for possessing the sawed-off shotgun, Tong was still on probation and had not completed the requirements of his deferred judgment.  We have on occasion adopted the compromise view that a deferred judgment remains a conviction until the defendant successfully completes his or her term of probation.  *See State v. Birth*, 604 N.W.2d 664, 665 (Iowa 2000) (holding that "[u]ntil probation was completed[] and the deferred judgment expunged," a guilty plea could be used for impeachment purposes under the Iowa Rule of Evidence requiring the witness to have been "convicted" of a crime).

For these reasons, we hold a deferred judgment constitutes a conviction for purposes of section 724.26 where the defendant (as here) has not completed his term of probation. We note that Tong's probation agreement prohibited him from possessing firearms. *See Saadiq v. State*, 387 N.W.2d 315, 323 (Iowa 1986) (rejecting both statutory and constitutional challenges brought by a defendant who had been convicted under section 724.26 and observing that this defendant "was told by his probation officer that he was not to have guns in his possession"); *see also United States v. Reth*, 258 F. App'x 68, 69 (8th Cir. 2007) (holding that a deferred judgment from an Iowa court amounts to a felony conviction under Iowa law for purposes of the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1)).[2]

In so holding, we decline Tong's two counterarguments, neither of which we find persuasive. First, Tong relies on *State v. Walton*, 311 N.W.2d 110, 112 (Iowa 1981), where we said:

> A deferred judgment order cannot serve as proof of a felony conviction in the prosecution of a section 724.26 charge. The record necessarily has to disclose the revocation of probation and the ultimate conviction.

*Walton*, however, involved the separate question whether it was unduly prejudicial to put into evidence the entire court file of the prior criminal proceeding in a section 724.26 prosecution. We held that it was. *Id.* We then offered guidance as to how the State should prove up the defendant's previous conviction in a future felon-in-possession prosecution. *Id.* at 112–13. Whether a deferred judgment amounted to a

---

[2]We do not decide today whether a person who has received a deferred judgment *and* has successfully completed probation has been "convicted of a felony" within the meaning of section 724.26. *See* Iowa Code § 724.27 (stating that the provisions of section 724.26 shall not apply where "[t]he person's conviction for a disqualifying offense has been expunged").

conviction for section 724.26 purposes was not an issue in the case, and our comments on that point should be regarded as dicta.

Tong also contends that when the legislature wants to include deferred judgment in the definition of conviction, it will specifically say so. Tong cites examples such as Iowa Code sections 156.9(2)(*e*) ("For purposes of this paragraph, '*conviction*' includes a guilty plea, deferred judgment, or other finding of guilt."), 321J.2(4)(*b*) ("Deferred judgments entered pursuant to section 907.3 for violations of this section shall be counted as previous offenses."), and 542.5(2) ("For purposes of this subsection, '*conviction*' means a conviction for an indictable offense and includes a guilty plea, deferred judgment from the time of entry of the deferred judgment until the time the defendant is discharged by the court without entry of judgment, or other finding of guilt by a court of competent jurisdiction."). The problem with this argument is that it disregards our precedents. As noted above, we have held a deferred judgment can be treated as a conviction even when the legislature did not expressly direct that result. *See generally Schilling,* 646 N.W.2d at 69, *Kluesner,* 389 N.W.2d at 370.[3]

## IV. Disposition.

In sum, we believe the wording of section 724.26 indicates the legislature intended the term "convicted of a felony," as used in that

---

[3]The treatment of deferred judgments in other states varies. *See United States v. Neeley,* 527 F. Supp. 2d 1326, 1330 (D. Kan. 2007) (noting that under the general rule in Oklahoma, a defendant who has received a deferred judgment has not been "convicted" of a felony for purposes of the felon-in-possession law); *Colorado v. Perry,* 252 P.3d 45, 49 (Colo. App. 2010) (holding that for sex offender registry purposes, a person " 'having received a deferred judgment' . . . only stands 'convicted' until 'the successful completion of the deferred judgment and sentence . . . and dismissal of the case' "); *McHenry v. Nebraska Liquor Control Comm'n,* 555 N.W.2d 350, 352–53 (Neb. Ct. App. 1996) (recognizing that a deferred judgment, if accepted and entered by the court, "is the equivalent of a conviction").

statute, to include a deferred judgment where the defendant had not successfully completed the term of his or her probation.

**COURT OF APPEALS DECISION AFFIRMED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

All justices concur except Wiggins and Zager, JJ., who concur specially.

**WIGGINS, Justice (concurring specially).**

I concur in the result only. Since our decisions in *State v. Kluesner*, 389 N.W.2d 370 (Iowa 1986), and *Schilling v. Iowa Department of Transportation*, 646 N.W.2d 69 (Iowa 2002), this court has held a defendant's guilty plea in anticipation of the court granting the defendant a deferred judgment is a conviction for the purpose of enhancing a defendant's punishment. Therefore, I am bound by stare decisis.

A substantial question remains. Even though the defendant has completed his or her probation and has been discharged by the court, can the State use the defendant's conviction to enhance the defendant's punishment even though the defendant pled guilty in anticipation of the court granting him or her a deferred judgment?

I truly believe the legislature permitted a court to enter a deferred judgment so that the consequences of a defendant's criminal actions would not cause him or her to lead anything other than a normal life. Today's opinion emphasizes the fact that no person who enters a guilty plea on a felony in anticipation of the court granting that person a deferred judgment can ever possess a gun.[4] I am sure the legislature did not intend to restrict a person who entered a guilty plea on a felony charge in anticipation of the court granting that person a deferred judgment from owning a gun or hunting in Iowa.

In light of the unintended consequences of our opinions in this area, the legislature might want to revisit this issue and clearly identify when the State can enhance a punishment or a crime after a defendant enters a guilty plea in anticipation of the court granting the defendant a

---

[4]The fact that Tong committed a crime while on probation does not change the fact that the rule reconfirmed in this case could be interpreted to apply to persons who actually completed his or her probation.

deferred judgment. The legislature has clearly identified when the State can do so for the offense of operating a motor vehicle while intoxicated. *See, e.g.*, Iowa Code § 321J.2(8)(*b*) (2011). Criminal defendants should not be forced to guess which collateral consequences might attach to their innocent actions after the court enters a guilty plea, grants a deferred judgment, and they successfully complete probation.

Zager, J., joins this special concurrence.