WIGGINS, Justice
(concurring specially)-
I concur in the result only. Since our decisions in State v. Kluesner, 389 N.W.2d 370 (Iowa 1986), and Schilling v. Iowa Department of Transportation, 646 N.W.2d 69 (Iowa 2002), this court has held a defendant’s guilty plea in anticipation of the court granting the defendant a deferred judgment is a conviction for the purpose of enhancing a defendant’s punishment. Therefore, I am bound by stare decisis.
A substantial question remains. Even though the defendant has completed his or her probation and has been discharged by the court, can the State use the defendant’s conviction to enhance the defendant’s punishment even though the defendant pled guilty in anticipation of the court granting him or her a deferred judgment?
I truly believe the legislature permitted a court to enter a deferred judgment so that the consequences of a defendant’s criminal actions would not cause him or her to lead anything other than a normal life. Today’s opinion emphasizes the fact that no person who enters a guilty plea on a felony in anticipation of the court granting that person a deferred judgment can ever possess a gun.[4] I am sure the legislature did not intend to restrict a person who entered a guilty plea on a felony charge in anticipation of the court granting that person a deferred judgment from owning a gun or hunting in Iowa.
In light of the unintended consequences of our opinions in this area, the legislature might want to revisit this issue and clearly identify when the State can enhance a punishment or a crime after a defendant enters a guilty plea in anticipation of the court granting the defendant a deferred *605 judgment. The legislature has clearly identified when the State can do so for the offense of operating a motor vehicle while intoxicated. See, e.g., Iowa Code § 321J.2(8)(6) (2011). Criminal defendants should not be forced to guess which collateral consequences might attach to their innocent actions after the court enters a guilty plea, grants a deferred judgment, and they successfully complete probation.
ZAGER, J., joins this special concurrence.

. The fact that Tong committed a crime while on probation does not change the fact that the rule reconfirmed in this case could be interpreted to apply to persons who actually completed his or her probation.