# IN THE COURT OF APPEALS OF IOWA

No. 14-1073
Filed August 19, 2015

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**GAYLE LYNN HOWARD,**
         Defendant-Appellant.
_____

         Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

         A defendant appeals her sentence following guilty pleas to possession of marijuana with intent to deliver and a drug tax stamp violation. **AFFIRMED.**

         Julie A. Ofenbakh of Ofenbakh Law Firm, P.L.L.C., Des Moines, for appellant.

         Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Linda Fangman, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.

         Considered by Vogel, P.J., Tabor, J., and Goodhue, S.J.

         *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Gayle Lynn Howard entered pleas of guilty to possession of marijuana with intent to deliver and a drug tax stamp violation. She was sentenced to terms of incarceration not to exceed five years on each charge, with the sentences to run concurrently; probation was denied. She was sentenced to pay a fine with the surcharge suspended, a law enforcement initiative fee, and a DARE fee as to both charges. In addition her driver license was suspended. Howard has appealed the sentences.

## I. Background Facts

In imposing the sentence, the district court stated: "[T]his is your third felony for involvement with drugs." Both the prosecutor and defense counsel informed the court that Howard had only one prior conviction involving drugs and attempted to correct the court accordingly. Defense counsel asserted, "It was just one offense date and one conviction for numerous charges." The court responded, "I think we're saying the same thing, just in different terminology." The court then proceeded to refer to the presentence investigation (PSI) and stated as follows:

> You've got Ms. Howard that 1999 conviction here in Black Hawk County for conspiracy to manufacture methamphetamine ten years in prison. You've got possession of methamphetamine in May of 2000, 180 days in jail. Possession of marijuana, May 4, 2000, one year in jail. Possession of precursor May 4, 2000, ten years in prison, and that's apparently the same as that conspiracy to manufacture. Possession of amphetamine, five years in prison. What am I missing there? Is that not a felony?

Regardless of the defense counsel's and the prosecutor's insistence that there was only one prior drug felony, the court did not change the sentence it had

imposed. In fact, the PSI stated that on May 5, 2000, Howard was convicted and sentenced for conspiracy to manufacture methamphetamine, possession of a precursor, and possession of ephedrine—all three felonies—and various other nonfelonious drug charges. The convictions and sentences all took place on the same date, but there were three separate felonies. Howard has not challenged the accuracy of the PSI.

## II. Error Preservation

The concept of error preservation is not usually applicable to illegal or procedurally defective sentences. *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000).

## III. Standard of Review

Sentences are reviewed for errors of law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). If within the statutory framework, a sentence is cloaked with a strong presumption in its favor. *Id.* A district court's sentencing will be overturned for an abuse of discretion that will only be found when the discretion exercised is clearly untenable or unreasonable. *Id.*

## IV. Discussion

Howard's primary contention is that the district court relied on improper sentencing factors. The court cannot rely on unproven charges unless they are admitted. *Id.* at 725. The fact the convictions and sentences were all in one proceeding does not diminish or effect the fact that there had been three prior convictions. In order to be used to increase punishment, a conviction must include an adjudication of guilt and a sentence. *State v. Deng Kon Tong*, 805 N.W.2d 599, 601-02 (Iowa 2011). There were three adjudications and three

sentences. The fact that sentencing for all three offenses took place on the same date does not mean that there was only one conviction.

The complaining party has a heavy burden of affirmatively showing abuse or prejudice in a trial court sentencing. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). Howard has failed to meet that burden. Howard has built her case on a factual assertion that is demonstratively inaccurate and without merit.

**AFFIRMED.**