**IN THE COURT OF APPEALS OF IOWA**

No. 17-1883
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDRE L. HARRINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


        Andre Harrington appeals the sentence imposed on his conviction for

second-degree robbery as an habitual offender. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Andre Harrington appeals the sentence imposed on his conviction for second-degree robbery as an habitual offender.[1] His first challenge to his sentence concerns a 2016 legislative amendment that introduced the offense of third-degree robbery. *See* 2016 Iowa Acts ch. 1104, § 4 (codified at Iowa Code section 711.3A (Supp. 2016)) (providing that a person who commits simple misdemeanor assault while perpetrating a robbery commits third-degree robbery, an aggravated misdemeanor). Although the legislature had not codified the offense of third-degree robbery at the time Harrington committed his crime in December 2013, Harrington argues that section 711.3A reclassifies his offense as an aggravated misdemeanor and, therefore, the habitual-offender sentencing enhancement cannot apply. Even if the statute could be used in the way Harrington suggests, our supreme court has determined that section 711.3A is a substantive amendment to the criminal statute and, therefore, cannot apply retroactively. *See State v. Harrison*, 914 N.W.2d 178, 205 (Iowa 2018). Accordingly, we reject Harrington's sentencing challenge based on retroactive

---

[1] The Iowa Supreme Court determined Harrington's stipulation to two prior felony convictions was not knowing and voluntary because the district court failed to inform him of his constitutional rights and the consequences of his stipulation. *State v. Harrington*, 893 N.W.2d 36, 47-48 (Iowa 2017). On this basis, it reversed the judgment and sentence entered by the district court and remanded the case to afford Harrington the opportunity to either stipulate to his convictions following a colloquy that comported with constitutional requirements or face trial on whether he met the requirements of a habitual offender. *Id.* at 48. The court affirmed the judgment of guilt on the second-degree robbery offense. *Id.* Following trial on remand, a jury determined Harrington had two prior felony convictions to satisfy the habitual-offender sentencing enhancement, and the district court sentenced Harrington to fifteen years in prison and ordered him to serve a mandatory minimum of seventy percent of his sentence before he could be eligible for parole. It is from this sentence that Harrington appeals.

application of section 711.3A.  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Harrington also challenges his sentence under the 2016 legislative amendment to Iowa Code section 902.12, which reduced the amount of mandatory minimum sentence for second-degree robbery convictions from seventy percent to between one-half and seven-tenths of the maximum term of incarceration. *Compare* Iowa Code § 902.12(3), *with id.* § 902.12(5) (2013).  The amendment to that section specifically states that the new sentencing provision applies "for a conviction that occurs on or after July 1, 2016."  *Id.* § 902.12(3) (Supp. 2016).  Because a jury convicted Harrington of second-degree robbery on December 3, 2014,[2] the amendment to section 902.12 cannot apply to his sentence.

We affirm Harrington's sentence.

**AFFIRMED.**

---

[2] Although Harrington asserts the supreme court reversed his conviction, it is apparent that it only reversed the judgment and sentence concerning his status as an habitual offender, not the underlying conviction for second-degree burglary as found by a jury during his original trial.  *Harrington*, 893 N.W.2d at 48 ("We affirm the uncontested judgment of guilt on the present offense, second-degree robbery.").  The only issue to be addressed on remand was Harrington's status as an habitual offender.  Although the term "conviction" may have different meanings in different contexts, the general meaning of the word conviction "is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilt or a plea of guilty."  *State v. Hanna*, 179 N.W.2d 503, 507-08 (Iowa 1970); *accord Conviction*, Black's Law Dictionary (10th ed. 2014) (defining "conviction" as "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty," or "[t]he judgment (as by a jury verdict) that a person is guilty of a crime."  *See also Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 71-72 (Iowa 2002) (discussing definition of "conviction" in different contexts).  Because Harrington's December 2014 conviction for second-degree robbery would remain regardless of whether he was found to be an habitual offender on remand, the date of his conviction occurred before the time period in which the new sentencing provision applied.