# IN THE COURT OF APPEALS OF IOWA

No. 19-0977
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FREDERIC DOUGLASS WARE III,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Frederic Ware III appeals his conviction for eluding or attempting to elude a law enforcement vehicle. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Frederic Ware III alleges his counsel provided ineffective assistance by allowing him to plead guilty when the plea colloquy did not sufficiently advise him of his constitutional rights and counsel did not file a motion in arrest of judgment. He also alleges a post-sentencing *Brady* violation.[1] We find Ware did not establish counsel provided ineffective assistance, and his *Brady* violation claim was not preserved.

On September 12, 2018, Ware was charged with assault on a peace officer and eluding or attempting to elude a law enforcement vehicle with a habitual-offender enhancement. On February 21, 2019, pursuant to a plea agreement, Ware pleaded guilty to eluding or attempting to elude, in violation of Iowa Code section 321.279 (2018). The State dismissed the assault-on-a-peace-officer charge, the habitual-offender enhancement, and a number of traffic tickets.

**I. Ineffective Assistance of Counsel.** Ware claims that at the plea colloquy, counsel and the court failed to inform him of the direct penal consequences of his plea—that is, the revocation of his driver's license based on his conviction for eluding. *See* Iowa Code 321.209(7) (requiring the department of transportation revoke the license of an operator upon conviction of eluding or attempting to elude). The State counters Ware has not alleged prejudice and the license revocation was a collateral, not direct, consequence of Ware's plea.

---

[1] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held due process requires that the prosecution disclose exculpatory evidence to the accused.

We review claims of ineffective assistance of counsel de novo. *State v. Macke*, 933 N.W.2d 226, 230 (Iowa 2019).[2] "To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure." *State v. Fountain*, 786 N.W.2d 260, 265–66 (Iowa 2010). If the defendant is unable to prove either element, the claim fails. *Id.* at 266. "In analyzing the first prong of the test, we presume counsel acted competently." *State v. Cromer*, 765 N.W.2d 1, 7–8 (Iowa 2009).

The district court is required to inform a defendant "of all direct consequences of the plea in the colloquy or in any written waiver thereof." *State v. Fisher*, 877 N.W.2d 676, 682 (Iowa 2016). "However, the court is not required to inform the defendant of all indirect and collateral consequences of a guilty plea." *Id.* at 682–83 (citation omitted). Therefore, counsel's duty to object depends on whether license revocation for the crime of eluding or attempting to elude is a direct or collateral consequence of the conviction.

The question of whether license revocation is a direct or collateral consequence "turns on whether the result represents a definite, immediate and largely automatic effect on the range of defendant's punishment." *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998) (citation omitted); *accord Fisher*, 877 N.W.2d at 683. In *Carney*, our supreme court determined license revocation following an

---

[2] Iowa Code section 814.7 was recently amended to prohibit consideration of ineffective-assistance claims on direct appeal. *See* Iowa Code § 814.7 (2020). In *Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d at 235. Because this appeal was pending on July 1, 2019, we may consider Ware's ineffective-assistance claims on direct appeal if the record is sufficient. *See id.*

OWI conviction[3] was a collateral consequence meant to protect the public by removing "drivers who have demonstrated a pattern of driving while intoxicated" from the highways. *Carney*, 584 N.W.2d at 909 (citation omitted). On the other hand, when revocation is a mandatory consequence of a drug-possession conviction, the revocation is punitive in nature because "the aim of ensuring public safety on the highways did not apply." *Fisher*, 877 N.W.2d at 684.

In 2002, our supreme court ruled section 321.209(7)—mandatory license revocation for conviction of eluding—"is designed for the protection of the public, not for punishment." *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 73 (Iowa 2002). This places the statute in the same category as *Carney*—revocation of Ware's driver's license is a collateral consequence because it was intended for protection of the public, not as punishment. *See* 584 N.W.2d at 909; *see also Fisher*, 877 N.W.2d at 683.

Because the revocation of Ware's license was a collateral consequence, the district court had no duty to inform him of it, and counsel did not fail to perform an essential duty by failing to object or file a motion in arrest of judgment. Ware has not established he received ineffective assistance.

**II. *Brady* violation.** Ware's sentencing hearing occurred on May 30, at 2:00 p.m. At 2:30, the court filed its sentencing order. At 4:03 p.m., the State filed an additional minute of testimony potentially "of an exculpatory or impeaching nature," which might "call into question the credibility" of one of the three law

---

[3] Section 321J.4(4)—then numbered section 321J.4(3)(a)—provides, in part, "Upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the department shall revoke the defendant's driver's license or nonresident operating privilege for a period of six years."

enforcement officers previously listed as witnesses. The State "d[id] not represent that this information has any relevance, materiality, or admissibility" in Ware's case but provided notice for him to take any steps deemed appropriate.

Ware did not file a motion to reopen the record, a motion to withdraw his plea, or a motion for new trial with the district court. Five days after the State's notice, well before the time to appeal would run, he filed a notice of appeal. He concedes error is not preserved on the issue, instead arguing the constitutional nature of the violation should result in this court bypassing error-preservation rules.

Our error-preservation rules exist for two important reasons: "(1) affording the district court an opportunity to avoid or correct error; and (2) providing the appellate court with an adequate record in reviewing errors purportedly committed by the district court." *State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) (internal quotation marks and citations omitted). "It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Id.* (citation omitted).

"To show a *Brady* violation, [a defendant] must prove by a preponderance of the evidence (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issue of guilt." *Moon v. State*, 911 N.W.2d 137, 145 (Iowa 2018) (internal quotation marks and citation omitted). The district court was not given an opportunity to review any evidence of a *Brady* violation or determine if it would have been material to Ware's plea. The only record we have relating to the alleged *Brady* violation is a two paragraph pleading filed by the State after sentencing. Even if we were to consider Ware's claim, the pleading by itself is insufficient to prove any of the elements of a

*Brady* violation. It would be unfair to determine this issue on appeal without affording both sides the opportunity to fully develop arguments and a record, and allowing the district court to consider and rule on the claim.[4] We conclude error was not preserved on this argument.

**AFFIRMED.**

---

[4] Our postconviction-relief statutes specifically provide a mechanism by which new material facts not previously presented and heard can be developed and considered by the district court. *See* Iowa Code § 822.2(1).