# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2738
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Fisher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 10, 2024
Filed: September 4, 2024

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

SMITH, Circuit Judge.

While burglarizing a home, Anthony Fisher encountered a homeowner and shot him eight times. Because Fisher was a felon at the time, the federal government charged him with unlawful possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The case went to trial, and the jury found Fisher guilty. On appeal, Fisher challenges the sufficiency of the evidence supporting his conviction. Relying on *Rehaif v. United States*, 588 U.S. 225 (2019), he argues that he lacked knowledge

of his prohibited status when he possessed ammunition. The record sufficiently supports the jury's finding that Fisher had knowledge of his prohibited status. Therefore, we affirm the judgment of the district court.[1]

## I. *Background*

On February 16, 2021, Fisher, De'andrew Berry, Elisha Brooks, and Phoenix Sims-McGlothlin[2] plotted to burglarize Sage Miller's home. Fisher and his associates knew that Miller dealt marijuana, so they believed the home contained large sums of cash. The group traveled in Sims-McGlothlin's vehicle from Cedar Rapids, Iowa, to nearby Marion, Iowa. Sims-McGlothlin stayed inside the vehicle while Fisher, Berry, and Brooks entered the home. Miller was present. When Fisher saw Miller, Fisher pulled a firearm and shot Miller about eight times.[3] Miller lost consciousness.

When Miller regained consciousness, he called 911. First responders rushed him to a hospital in Cedar Rapids. Among other injuries, Miller was suffering from respiratory failure, liver failure, a kidney laceration, and fractured vertebrae. Miller survived. On subsequent days, investigators tried to interview Miller, but he was unconscious or intubated and unable to communicate.

---

[1]The Honorable Leonard T. Strand, then Chief Judge, now United States District Judge for the Northern District of Iowa.

[2]In the record materials and the appellate briefs, Phoenix's surname is alternatively spelled "Sims-McGlothlin" and "Sims-McGlothin." *See, e.g.*, R. Doc. 93, at 1 (district court order using both spellings); Appellant's Br. at 2 (using both spellings). Here, we will use the spelling "Sims-McGlothlin."

[3]The exact number is unclear. Fisher bragged that he shot Miller five times, Berry recalled eight or nine shots, and law enforcement recovered eight shell casings. The hospital could not determine how many times Miller was shot because "multiple bullets" lodged together inside a single wound. R. Doc. 104, at 5.

When Miller regained his ability to speak, he described the shooter's race, sex, and clothing but could not provide additional identifying information. Fisher, meanwhile, boasted to friends on social media that he was the perpetrator. Officers learned of Fisher's boasting and arrested him. Based on Fisher's criminal history, the federal government charged him with illegally possessing ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

At trial, Fisher argued that he lacked knowledge of his status as a felon when he possessed the ammunition used in the shooting. The jury returned a guilty verdict. The Sentencing Guidelines advised the district court to sentence Fisher to 235 to 293 months' imprisonment. The court sentenced Fisher to 120 months, which was the applicable statutory maximum. Fisher appeals.

## II. *Discussion*

In *Rehaif*, the Supreme Court held that, to obtain a conviction under 18 U.S.C. §§ 922(g) and 924(a), the government must prove that the defendant knew of his prohibited status when he possessed ammunition or a firearm. 588 U.S. at 227; *see also United States v. Parsons*, 946 F.3d 1011, 1014 (8th Cir. 2020) (listing all four elements of the offense). Here, the government had to prove that Fisher knew of his status as a felon when he possessed ammunition on February 16, 2021.

Fisher admits that he pleaded guilty to an Iowa felony in 2020. *See* Iowa Code § 719.1(1)(f) ("interference with official acts"). He also admits that the state court accepted his guilty plea, granted him a deferred judgment, and imposed a term of three years' probation. In this appeal, Fisher does not contest the legal basis of his felon-in-possession conviction. The legal basis is clear.[4] Instead, Fisher contests the

---

[4]*See* 18 U.S.C. § 921(a)(20) ("What constitutes a conviction of [a felony] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."); *State v. Tong*, 805 N.W.2d 599, 603 (Iowa 2011) ("[A] deferred judgment constitutes a [felony] conviction . . . where the defendant (as here) has not completed his term of probation."); *United States v. Reth*, 258 F. App'x 68, 69 (8th Cir. 2007) (unpublished per curiam) (same interpretation of Iowa law).

factual basis. He argues that he did not understand the legal implications of his 2020 Iowa proceedings when he possessed ammunition on February 16, 2021. He claims that, at the time, he did not know that he was a felon.

When a defendant brings a *Rehaif* claim, arguing that the knowledge-of-status evidence was insufficient to support his conviction, we review the claim de novo. *United States v. Marin*, 31 F.4th 1049, 1053 (8th Cir. 2022). We examine the knowledge-of-status evidence "in its totality." *United States v. Atilano*, 101 F.4th 977, 983 (8th Cir. 2024) (quoting *United States v. Spencer*, 50 F.4th 685, 686 (8th Cir. 2022)). And we consider this evidence "in the light most favorable to the verdict." *United States v. Sholley-Gonzalez*, 996 F.3d 887, 895 (8th Cir. 2021) (quoting *United States v. Sainz Navarrete*, 955 F.3d 713, 718 (8th Cir. 2020)). A *Rehaif* claim will succeed—and we will reverse the district court—only if "no reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Burning Breast*, 8 F.4th 808, 812, 815 (8th Cir. 2021) (quoting *United States v. Mabery*, 686 F.3d 591, 598 (8th Cir. 2012)).

Based on the record, we conclude that a reasonable jury could have found that Fisher knew that he was a felon on February 16, 2021. First, when Fisher pleaded guilty to an Iowa felony in 2020, he signed a plea document that identified his crime as a felony. Second, Fisher made a remote appearance in an Iowa state court. The court accepted Fisher's guilty plea, granted him a deferred judgment, and imposed a three-year term of probation. Third, Fisher signed an Iowa probation agreement. The agreement again informed Fisher that his crime was a felony. It also stated: "If I am on probation for a felony, . . . I will not own, possess, use or transport a firearm or other dangerous weapon until that right is restored to me." R. Doc. 77-41, at 2. Fourth, Fisher's Iowa probation officer appeared as a witness at trial and testified that Fisher's 2020 Iowa deferred judgment hindered Fisher's efforts to obtain and maintain employment. At least twice, Fisher failed criminal background checks and was denied work. Whether or not any one of these four pieces of evidence would have been enough, collectively they sufficed. *See Atilano*, 101 F.4th at 983

-4-

(explaining that we examine the totality of the evidence rather than individual pieces of evidence in isolation).

Resisting this conclusion, Fisher points to our decision in *United States v. Davies*, 942 F.3d 871 (8th Cir. 2019). However, the facts of *Davies* were unique. In subsequent cases, we have repeatedly distinguished *Davies* and cabined that decision to its specific facts. *See, e.g.*, *United States v. Bull*, 8 F.4th 762, 770 (8th Cir. 2021); *Sholley-Gonzalez*, 996 F.3d at 896–97; *United States v. Brooks-Davis*, 984 F.3d 695, 699 (8th Cir. 2021). In *Davies*, a district court in our circuit found the defendant, Christopher Davies, guilty of a felon-in-possession offense. 942 F.3d at 872. When Davies was tried, our circuit precedent held that the firearm-possession statute did not require the government to prove a defendant's knowledge of his prohibited status. *See Rehaif*, 588 U.S. at 256 & n.6 (Alito, J., dissenting) (citing *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999)); *United States v. Davies*, No. 17-CR-26-LRR, 2018 WL 839388, at *2 (N.D. Iowa Feb. 12, 2018) (omitting a knowledge-of-status element). While Davies appealed his felon-in-possession conviction to our court, the Supreme Court decided *Rehaif* and held that proof of knowledge of prohibited status is necessary. 588 U.S. at 227. Davies submitted a Rule 28(j) letter that cited *Rehaif* and asked us to reverse his conviction. *Davies*, 942 F.3d at 872–73; *see* Fed. R. App. P. 28(j). We vacated Davies's conviction and remanded for a new trial. *Davies*, 942 F.3d at 874. We reasoned (1) that the government had not proved Davies's knowledge of his prohibited status at his pre-*Rehaif* trial and (2) that there was "a reasonable probability" that a new trial could result in a different verdict. *Id.* at 873–74. Specifically, when Davies possessed a firearm, he had pleaded guilty to two state felonies, but the state court had not sentenced him yet. *Id.* at 872. Presented with evidence of what Davies knew about his then-ongoing state proceedings, a jury could find that Davies lacked knowledge that he had recently become a convicted felon. *Id.* at 874.

For post-*Rehaif* cases, in which the government has produced knowledge-of-status evidence at trial, *Davies* has limited relevance. When the factfinder has found knowledge of status, as the jury did here, we need not engage in the same sort of

-5-

analysis that we carried out in *Davies*. As *Davies* made clear, *Rehaif* does not require the government to prove that the defendant "knew the ins and outs of [state] law." *Id.* (internal quotation marks omitted). "[T]he knowledge requisite to [a] knowing violation of [the firearm-possession] statute is *factual knowledge* as distinguished from knowledge of the law." *Bryan v. United States*, 524 U.S. 184, 192 (1998) (emphasis added) (quoting *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 345 (1952) (Jackson, J., dissenting)). To satisfy the knowledge-of-status element, the government simply must prove that, when the defendant possessed a firearm or ammunition, he knew the fact of his own prohibited status. *Davies*, 942 F.3d at 874. This burden is not difficult to meet in most cases. *See Atilano*, 101 F.4th at 982; *Sholley-Gonzalez*, 996 F.3d at 895; *see also Greer v. United States*, 593 U.S. 503, 509 (2021) ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."). And the government met its burden here. The evidence against Fisher "adequately supports the [jury's] guilty verdict and its implicit finding of subjective knowledge." *United States v. Jawher*, 85 F.4th 868, 872 (8th Cir. 2023) (affirming a firearm-possession conviction based on a defendant's unlawful immigration status).

### III. *Conclusion*

We reject Fisher's *Rehaif* claim. Taken together, the four pieces of evidence described above sufficiently support the jury's finding that Fisher knew that he was a felon. The judgment of the district court is affirmed.

_____