# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2662
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Matthew Davies

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 26, 2019
Filed: November 8, 2019

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Christopher Davies pleaded guilty to two Iowa felonies in September 2016. After he pleaded guilty but before his sentencing, Davies possessed two firearms on October 25. In December, the Iowa state court entered a deferred judgment against Davies and placed him on probation.

Federal law prohibits any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1). A grand jury thus returned an indictment charging Davies with being a felon in possession of a firearm for possessing the two firearms on October 25.

At his bench trial, the parties stipulated that Davies knowingly possessed the firearms. But Davies contested whether he had been convicted of a felony under Iowa law at the time he possessed the firearms because he had not yet been sentenced. The district court determined that Davies's guilty plea constituted a conviction under Iowa law and found him guilty of being a felon in possession of a firearm. He was sentenced to 37 months' imprisonment.

On appeal, Davies again argues that his guilty plea was not a conviction under Iowa law and therefore, when he possessed the two firearms prior to his sentencing, he was not a felon. After the parties submitted their briefs, Davies filed a Rule 28(j) letter arguing that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requires that we reverse his felon in possession conviction and that the Double Jeopardy Clause requires that we remand his case for dismissal. We ordered the parties to file supplemental briefing.

We first consider whether Davies had been convicted under Iowa law at the time he possessed the firearms on October 25. We review legal questions *de novo*. *See United States v. Pate*, 754 F.3d 550, 554 (8th Cir. 2014). "What constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

Iowa law allows a court to "defer judgment" against a defendant in certain situations, and it allows a court to place him "on probation upon conditions as it may require." Iowa Code § 907.3(1)(a). In *State v. Deng Kon Tong*, 805 N.W.2d 599, 601 (Iowa 2011), the Iowa Supreme Court considered whether a defendant who had pleaded guilty and received a deferred judgment had been convicted as required by

Iowa's felon in possession of a firearm offense. *See* Iowa Code § 724.26. The court determined that the deferred judgment qualified as a conviction, observing that "the legislature intended the statute to cover persons who had engaged in certain *conduct*," which supported "a broad interpretation of the term 'convicted.'" *Deng Kon Tong*, 805 N.W.2d at 602. The concurring opinion commented that the court "emphasizes the fact that no person who enters a guilty plea on a felony in anticipation of the court granting that person a deferred judgment can ever possess a gun." *Id*. at 604 (Wiggins, J., concurring).

Then, in *State v. Olsen*, 848 N.W.2d 363, 371 (Iowa 2014), the Iowa Supreme Court concluded that a defendant who entered a no contest plea in a Wisconsin state court had been convicted such that he could be guilty as a felon in possession under Iowa's felon-in-possession statute. The Wisconsin court had accepted the no contest plea on the record and had found that it was supported by a factual basis and voluntarily entered. *Id*. The Iowa Supreme Court concluded that "[a]ll judicial findings of guilt pursuant to the plea bargaining process are convictions under the general and popular use of the term," noting that its result was "consistent" with the concurring opinion's commentary in *Deng Kon Tong* that "a defendant's guilty plea in anticipation of the court's granting the defendant a deferred judgment is a conviction for the purpose of enhancing a defendant's punishment." *Id*. at 373 & n.1.

As in *Olsen*, the Iowa court here made judicial findings of guilt because it accepted Davies's guilty pleas after finding that they had a factual basis and that they were voluntarily and intelligently entered. Davies argues that we should apply the test in *Schilling v. Iowa Department of Transportation*, but that case considered whether a deferred judgment constituted a conviction after the Iowa Department of Transportation revoked a driver's license. 646 N.W.2d 69 (Iowa 2002). And *Olsen* and *Deng Kon Tong* "have recognized that the term 'conviction' may have a different meaning depending on context." *Olsen*, 848 N.W.2d at 372. We thus agree with the district court's conclusion that Davies's guilty pleas constituted convictions under Iowa law in *Olsen* and *Deng Kon Tong*.

We next consider the *Rehaif* issue first raised in Davies's 28(j) letter. *United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019) (considering a *Rehaif* argument raised while the direct appeal was pending because "Supreme Court decisions in criminal cases apply to all cases pending on direct review"). In *Rehaif*, the Supreme Court concluded "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he *knew he belonged to the relevant category of persons barred from possessing a firearm*." 139 S. Ct. at 2200 (emphasis added). Here, the relevant category of persons is anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1). Davies thus argues that even if he was convicted under Iowa law, the Government did not prove that he *knew* he had been convicted.

"Because [Davies] failed to challenge the lack of a jury instruction regarding his knowledge of his felony status, we review his claim for plain error." *Hollingshed*, 940 F.3d at 415. Under that standard, Davies must prove (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b). "Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotation marks omitted and alteration in original).

The Government conceded in its supplemental brief that Davies has shown an error that is plain but argues that he has not shown that the error affects his substantial rights. The Supreme Court has explained that, "in the ordinary case," an error affects the defendant's substantial rights if the defendant "show[s] a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

The Government correctly notes that Davies affirmatively stated when he pleaded guilty to the Iowa felonies that he understood that he was pleading guilty to two felonies, each of which carried a maximum sentence of up to five years. It also correctly notes that Davies stipulated to the district court in this case that he pleaded guilty to crimes "punishable by a term of imprisonment greater than one year." The Government claims these facts demonstrate that Davies cannot show a reasonable probability of a different outcome absent the error.

We disagree. Though the facts establish that Davies knew he pleaded guilty to the Iowa felonies, they do not show that he knew he had been *convicted* of the Iowa felonies. In other words, the facts indicate he knew the offenses to which he was pleading guilty would ultimately qualify him to be charged as a felon in possession of a firearm, but there is no evidence that he knew when he possessed the firearms on October 25, before his sentencing, that he had been convicted of those crimes. Indeed, it seems reasonable that someone in Davies's position, after pleading guilty, might nevertheless think he could possess firearms because he had not yet been sentenced.

Contrary to the Government's argument, our decision does not require that it prove Davies "knew the ins and outs of Iowa law." Under *Rehaif*, he needed to know only that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms. Ordinarily, the Government will be able to point to evidence in the record demonstrating that a defendant knew he was convicted, preventing the defendant from showing a reasonable probability of a different outcome absent the error. *See United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019) (explaining that the defendant could not show a reasonable probability of a different outcome but for the error because he had served a fifteen-year sentence) (per curiam); *Hollingshed*, 940 F.3d at 415-16. But this is not such a case. Davies has shown a reasonable probability that the outcome would have been different.

The Supreme Court explained in *Rehaif* that a defendant without knowledge of his status under § 922(g) "may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach." 139 S. Ct. at 2197. We thus conclude that this error also seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Olano*, 507 U.S. at 732.

For the foregoing reasons, we vacate Davies's conviction and remand for a new trial. *See United States v. Ford*, 703 F.3d 708, 711 (4th Cir. 2013) (citing the Ninth, Tenth, and Eleventh Circuits in observing that "[o]ther circuits considering this issue agree that where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a post-trial change in law, double jeopardy concerns do not preclude the government from retrying the defendant").

_____