# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1630

_____

United States of America

*Plaintiff - Appellee*

v.

Eddie David Cox

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 26, 2020
Filed: March 6, 2020
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the Supreme Court of the United States. *See Cox v. United States*, 589 U.S. ---,140 S. Ct. 396 (2019) (mem.), *vacating* 766 F. App'x 423 (8th Cir. 2019) (per curiam). The Supreme Court granted *certiorari*, vacated our judgment, and remanded the matter for reconsideration in light of *Rehaif v. United States*, 588 U.S. ---, 139 S. Ct. 2191 (2019).

"In *Rehaif*, the Supreme Court concluded that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he *knew he belonged to the relevant category of persons barred from possessing a firearm.*" *United States v. Davies*, 942 F.3d 871, 873 (8th Cir. 2019) (internal quotation marks omitted and emphasis in original). Because this issue is raised for the first time on appeal, we review for plain error. *See id.*; *see also United States v. Olano*, 507 U.S. 725, 732 (1993) (explaining that plain error requires (1) an error (2) that is plain and (3) that affects substantial rights).

The Government concedes that the first two prongs of the plain error standard are satisfied. But we conclude that Cox cannot show the error affected his substantial rights. *Davies*, 942 F.3d at 873 ("The Supreme Court has explained that, in the ordinary case, an error affects the defendant's substantial rights if the defendant shows a reasonable probability that, but for the error, the outcome of the proceeding would have been different." (internal quotation marks and brackets omitted)). In addition to a number of other convictions resulting in years of imprisonment, Cox was previously convicted as a felon in possession of a firearm and served approximately six years' imprisonment for the conviction. *See United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (finding that a defendant who had served over four years' imprisonment could not show that any error affected his substantial rights); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (finding that, following *Rehaif*, the defendant could not show that his substantial rights were affected in part because the defendant had a prior felon-in-possession conviction).

For the foregoing reasons, we thus reinstate our vacated opinion (as well as Judge Kelly's dissent) and again affirm the district court.[1]

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.