# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2184

_____

United States of America

*Plaintiff - Appellee*

v.

Gary Allen Kachina

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: April 7, 2020
Filed: April 16, 2020
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Following this court's remand for resentencing, United States v. Kachina, 715 Fed. Appx. 587 (8th Cir.) (unpublished per curiam) (vacating sentence imposed after jury found defendant guilty of felon-in-possession offense because intervening case law established he was not an armed career criminal under 18 U.S.C. § 924(e)), cert. denied, 139 S. Ct. 271 (2018), the district court resentenced Gary Kachina to 120

months in prison and five years of supervised release. On appeal, Kachina argues through counsel that the district court erred in denying his requests for an acceptance-of-responsibility reduction and a downward variance. In addition, in briefs filed after Kachina was granted leave to proceed pro se, he asserts plain-error challenges to his conviction under Rehaif v. United States, 139 S. Ct. 2191 (2019), which was issued during the pendency of this appeal, because the jury had found Kachina guilty under 18 U.S.C. § 922(g) pursuant to an instruction that did not require the government to prove he knew he had been convicted of a crime punishable to imprisonment for a term exceeding one year.

Turning first to Kachina's challenges to his conviction under Rehaif, we conclude that Kachina has not established he is entitled to plain-error relief because evidence was introduced at Kachina's trial that he had multiple convictions for which he had received sentences of more than one year in prison, and there was information in the revised presentence report—to which Kachina did not object—indicating that he had actually served multiple prison terms of well over one year. See United States v. Davies, 942 F.3d 871, 873 (8th Cir. 2019) (setting forth standard of review); United States v. Hollingshed, 940 F.3d 410, 414-16 (8th Cir. 2019) (concluding that record showed defendant knew he had been convicted of crime punishable by imprisonment for term exceeding one year, and any error in not instructing the jury to make such a finding did not affect his substantial rights), cert. denied, 2020 WL 1326060 (U.S. Mar. 23, 2020); see also United States v. Cotton, 535 U.S. 625, 630-33 (2002) (concluding under plain-error review that indictment error did not seriously affect fairness of judicial proceedings); United States v. Anderson, 570 F.3d 1025, 1029-30 (8th Cir. 2009) (discussing plain-error review of sufficiency of evidence).

As to the sentence imposed, we conclude that the district court did not commit clear error by denying an acceptance-of-responsibility reduction, in part because Kachina only partially accepted responsibility by acknowledging he possessed firearms while pursuing a necessity defense. See United States v. Erhart, 415 F.3d

965, 971(8th Cir. 2005). We further conclude that the district court did not abuse its discretion by denying a downward variance, and that the sentence imposed was not unreasonable under the circumstances. See United States v. Parker, 762 F.3d 801, 806 (8th Cir. 2014).

However, we agree with the government that, because the statutory maximum term of supervised release is three years, the district court erred by imposing a five-year term of supervised release. See 18 U.S.C. § 3583(b)(2). Accordingly, we vacate the supervised-release portion of Kachina's sentence and remand with instructions that the district court impose a term of supervised release of "not more than three years." See id. The district court's judgment is otherwise affirmed, and Kachina's pending motions are denied.

_____