# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2197

———————————————

United States of America

*Plaintiff - Appellee*

v.

Cortez Maurice Crumble

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: June 19, 2020
Filed: July 13, 2020

——————————

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

Cortez Crumble appeals his conviction in light of *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019), and he argues that the district court[1] abused its discretion in making an evidentiary ruling and imposed a substantively unreasonable sentence. We affirm.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

A grand jury returned an indictment against Crumble for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The charges stemmed from his involvement in a shooting outside a bar. At Crumble's trial, the Government relied on video footage of the event from the bar's surveillance system. The Government also introduced photos of individual frames of the surveillance video, which were prepared by a forensic video analyst, to show that Crumble possessed and discharged a firearm outside the bar. According to the Government, it introduced the photos so "a specific frame could be examined at leisure, without having to pause the video at trial at a precise moment." Crumble objected to the photos, but the district court overruled his objection. After hearing all the evidence, the jury returned a guilty verdict.

At sentencing, the district court found a total offense level of 18 and a criminal history category of IV, resulting in an advisory sentencing guidelines range of 41 to 51 months' imprisonment. The district court sentenced Crumble to 63 months' imprisonment. Crumble appeals his conviction, the district court's decision to admit the photos, and his sentence. We consider each argument in turn.

Crumble first argues that we should reverse his conviction in light of *Rehaif*. 139 S. Ct. 2191. In that case, "the Supreme Court concluded that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he *knew he belonged to the relevant category of persons barred from possessing a firearm*." *United States v. Davies*, 942 F.3d 871, 873 (8th Cir. 2019) (internal quotation marks omitted). Here, the relevant category is anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1). "Because [Crumble] failed to challenge the lack of a jury instruction regarding his knowledge of his felony status, we review his claim for plain error." *United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019). Crumble thus must prove "(1) an error, (2) that is plain, and (3) that affects substantial rights." *Davies*, 942 F.3d at 873.

The Government concedes that the first two elements of the plain error standard are satisfied but argues that Crumble cannot show the error affected his substantial rights. We agree given that Crumble was previously convicted for being a felon in possession of ammunition and served 60 months' imprisonment. *See Hollingshed*, 940 F.3d at 415-16 (finding that a defendant who had served approximately four years' imprisonment could not show that any error affected his substantial rights); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (finding that, following *Rehaif*, the defendant could not show that his substantial rights were affected in part because the defendant had prior convictions for being a felon in possession of a firearm and for being a felon in possession of ammunition).

Crumble argues, based on 18 U.S.C. § 921(a)(20), that he could have reasonably believed that a safe harbor applied to him such that he no longer *knew* he had been convicted of a crime punishable by imprisonment for a term exceeding one year.[2] But he offers no evidence to show that was the case here. It is Crumble's burden to prove that his substantial rights were affected by the *Rehaif* error. *See Davies*, 942 F.3d at 873. To do so, he must show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* Merely identifying a defense theory—a possibility—is not sufficient to show a reasonable *probability* of success without any evidence that the defense theory would, in fact, apply in this case. We thus conclude that Crumble has not met the plain error standard.

Crumble next argues that the district court improperly allowed the Government to present photos of individual frames of the surveillance video in violation of Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 requires, upon a defendant's request, that the Government give the defendant a written

---

[2]That statute provides that "[a]ny conviction which has been expunged[] or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter . . . ." 18 U.S.C. § 921(a)(20).

summary of expert testimony, the results of a scientific experiment if it is material to the defense, and any other documents or photographs that are material to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E)-(G). Crumble requested Rule 16 evidence, and the district court granted his motion, imposing a deadline for expert disclosures two weeks before trial.

Crumble thus argues, as he did before the district court, that the Government violated its Rule 16 obligations because the photo exhibit was the subject of expert testimony and disclosed less than a week prior to trial. The district court disagreed, concluding that no violation occurred because the forensic video analyst did not create "new or additional evidence" when preparing the photos. The district court observed that the defense "had the full version of the video" and that what the analyst did was "relatively routine in the forensic video world." According to Crumble on appeal, the Government's production to him of the video was not sufficient to meet the Rule 16 requirement because the photos were manipulations of the video that could have changed what was pictured in the video frame.

"The district court's decision not to exclude evidence under Rule 16 is reviewable for abuse of discretion. Subsidiary factual findings are reviewed for clear error." *United States v. Spotted Elk*, 548 F.3d 641, 660 (8th Cir. 2008) (citation omitted). Here, Crumble does not dispute that the Government timely provided him with the full video, nor does he offer any evidence to show that the pictures were manipulated such that they do not accurately represent the video. And the forensic video analyst testified that she prepared the photos by using a free software available to the public to download. In other words, anyone could have prepared photos from the surveillance video, which provides at least some support for the conclusion that the photos were not new evidence. *Cf. United States v. McCourt*, 468 F.3d 1088, 1092 (8th Cir. 2006) (noting that "a video is nothing more than a series of still images shown in rapid succession to create the illusion of motion"). The forensic video analyst later combined the photos into a single PDF document using Adobe Acrobat, a software that is also available to the public but requires payment. The district court credited the analyst's testimony and reasoned that the photos did not constitute new

evidence, meaning providing the defense with the full video was sufficient notice. It reasoned further that the defense could question the analyst about how she created the photos during cross examination. The district court's decision to admit the photos, based on the above reasoning, does not amount to an abuse of discretion.

Finally, Crumble argues that his sentence is substantively unreasonable because the district court did not properly weigh the relevant sentencing factors. In particular, he argues the district court gave too much weight to the dangerous nature of his offense and to his prior record.

We consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012). When considering whether a sentence is substantively reasonable, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Our review of the substantive reasonableness of a sentence is narrow . . . and it is the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016) (internal quotation marks omitted).

Here, the district court carefully considered the 18 U.S.C. § 3553(a) factors, including both the mitigating and aggravating factors. The district court noted that Crumble was a "really important person" in his family and that he has some "good" in him. The district court also highlighted the seriousness of the offense, noting that it was "fortuitous that no one was hurt" during the shooting outside the bar. It observed additionally that Crumble had a prior conviction for a crime involving a firearm in a dangerous situation and concluded that an above-guidelines sentence was warranted because Crumble had not been deterred adequately after a 60-month sentence for the first firearm conviction.

The foregoing demonstrates that the district court considered Crumble's circumstances and imposed a sentence that it believed was consistent with the goals

of sentencing. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009); *see also United States v. White*, 506 F.3d 635, 645 (8th Cir. 2007) ("Pursuant to § 3553(a), a district court may consider factors already taken into account in calculating the advisory guideline range."). In light of the district court's explanation of its reasons for the sentence imposed, this is not the "unusual case" when we reverse a sentence as substantively unreasonable. *See Whitlow*, 815 F.3d at 436.

We affirm.

_____