# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-2752

———————————————

United States of America

*Plaintiff - Appellee*

v.

Emmitt Cosen

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: April 15, 2020
Filed: July 22, 2020

——————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

LOKEN, Circuit Judge.

Emmitt Cosen pleaded guilty to being a felon in possession of a firearm and possession with intent to distribute less than 50 kilograms of marijuana on February 26, 2018. The government dismissed two other counts charging the same violations

on July 26, 2018. At sentencing, the district court[1] applied a four-level enhancement for possessing the firearm "in connection with another felony offense," USSG § 2K2.1(b)(6)(B), resulting in an advisory guidelines sentencing range of 46 to 57 months imprisonment. The court imposed a 57-month sentence, rejecting Cosen's request for a downward variance and the government's request for an upward variance. Cosen appeals, arguing the court procedurally erred in applying the four-level enhancement and imposed a substantively unreasonable sentence. Reviewing the court's application of the guidelines *de novo*, its factual findings for clear error, and substantive reasonableness for abuse of discretion, we affirm. United States v. Mangum, 625 F.3d 466, 467, 469 (8th Cir. 2010) (standards of review).

## I. The USSG § 2K2.1(b)(6)(B) Enhancement.

Cosen's Presentence Investigation Report ("PSR"), adopted by the district court at sentencing, stated that he was arrested while leaving his residence on February 26 after two controlled buys of marijuana at or near the residence. A search of the residence yielded a .40 caliber pistol in plain view on a table in the living room; thirteen grams of "suspected THC edibles" in a container by the pistol; two digital scales; and a safe containing a .40 caliber magazine, a vacuum sealing machine, and documents from a local storage unit. A warrant search of the storage unit yielded seven kilograms of marijuana packaged in vacuum-sealed bags. Cosen waived his *Miranda* rights and admitted making more than $100,000 the prior year by distributing marijuana that he purchased in large quantities on trips to Colorado.

The advisory guidelines increase a defendant's base offense level if he "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). Cosen's other offense of conviction, possession with intent

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

to distribute less than 50 kilograms of marijuana, is "another felony offense." To determine whether a firearm was used "in connection with" the other felony offense, the guidelines "treat[] drug trafficking offenses and drug possession offenses differently." United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008).

When the other felony offense is drug possession, the district court must find that the firearm "facilitated, or had the potential of facilitating," that offense. USSG § 2K2.1, comment. (n.14(A)). But when the other felony offense is drug trafficking, the enhancement applies if the firearm is found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." § 2K2.1, comment. (n.14(B)(ii)). Cosen's other felony offense, possession of marijuana with intent to distribute, is a drug trafficking offense. See United States v. Brockman, 924 F.3d 988, 993-94 (8th Cir. 2019). Thus, the district court was not required to find that the .40 caliber pistol and ammunition "facilitated" the drug offense. See United States v. Lyes, 770 F. App'x 783, 785 (8th Cir. 2019). At sentencing, the district court found both that the .40 caliber pistol "was found in very, very close proximity" to the drugs and drug paraphernalia in Cosen's residence and storage unit *and* that it facilitated or had the potential to facilitate the drug offense conduct.

Prior to sentencing, Cosen submitted a letter from a friend, Kyle Rogers, stating that Rogers brought the .40 caliber pistol to Cosen's house for a visit (the date was not disclosed). Rogers and Cosen took the firearm to a gun range, and then Rogers accidentally left it at Cosen's residence after an overnight stay. In objecting to the § 2K2.1(b)(6)(B) enhancement, Cosen alleged that he "kept the firearm in his living room until Mr. Rogers had time to return to pick up the firearm," and therefore he "did not possess the firearm in connection with any other felony." The district court rejected this contention. If Rogers brought the gun back to the residence for safekeeping, the court reasoned, the gun should have been left in Cosen's safe. Instead, the gun was out of the safe and another magazine was in the safe. "[R]egardless of whether Mr. Cosen owned the firearm, he had possession, dominion,

and control over both the firearm and the residence, and the gun was found in very, very close proximity and at the ready should law enforcement or some rival drug group or whoever show up at the front door."

On appeal, Cosen again argues he did not use the firearm "in connection with" another felony offense because the presence of a firearm owned by Rogers was a "mere accident or coincidence." We review this factual finding for clear error. Brockman, 924 F.3d at 993. The pistol was found in close proximity to evidence of drug trafficking -- "suspected THC edibles," two digital scales, a vacuum sealing machine, and documents linking Cosen to a nearby storage unit where investigators found seven kilograms of marijuana. As Cosen's other felony offense was a drug trafficking offense, the enhancement applies if a "firearm and drug paraphernalia [are] discovered in the same location." Lyes, 770 F. App'x at 785. Even if Rogers owned the .40 caliber pistol, Cosen pleaded guilty to possessing it, and .40 caliber ammunition was found in his safe. The district court did not clearly err in finding that Cosen possessed the firearm "in connection with" his drug trafficking offense.

## II. Is the Sentence Substantively Unreasonable?

Cosen argues his 57-month sentence, at the top of the advisory guidelines range, is substantively unreasonable because the mitigating factors he presented at sentencing outweighed the aggravating factors and therefore the district court abused its discretion in denying his request for a downward variance.

At sentencing, the district court first identified and weighed aggravating and mitigating sentencing factors. The court identified as aggravating factors that Cosen distributed "very large quantities" of marijuana through a well-organized network he had built; possessed a firearm in connection with the offense; committed the offense while on probation for a Kansas drug trafficking offense; and continued distributing after his February 2018 arrest -- on July 26, he fired shots in the air from his car after

-4-

a bar altercation, and when arrested the following day, seven pounds of marijuana were found in the residence he was leaving. The court also noted that at least three arrest reports alleged "fairly significant domestic abuse." In particular, the court found "chilling" a police report of a four-hour episode in February 2017 in which an intoxicated Cosen choked his then-girlfriend until she lost consciousness and then pointed a gun at her and said he should kill her but for their three-month-old daughter. In the court's view, these incidents illustrated the "violent tendencies" Cosen displays when "impaired." The court also considered the mitigating factors Cosen emphasizes on appeal -- his childhood neglect and lack of parental guidance from an absent father and a mother who struggled with drug abuse; his alcohol addiction and many prior convictions starting when he was an immature teenager; the "early admissions" of his drug trafficking to law enforcement; and his well-composed and introspective remarks during allocution.

Having considered these mitigating and aggravating factors, the advisory guidelines range, and the statutory sentencing factors in 18 U.S.C. § 3553(a), the district court declined to vary upward, as the government requested, or downward, as Cosen requested. The court concluded that an "upper guideline range sentence" was appropriate because Cosen was "likely to recidivate unless [he made] some changes." "A sentence which falls within the guideline range is presumed to be reasonable." United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014). "[I]t is a defendant's burden to rebut the presumption and to show that the sentence should have been lower." United States v. Washington, 893 F.3d 1076, 1080 (8th Cir. 2018) (quotation omitted). "[D]istrict courts are allowed wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Callaway, 762 F.3d at 760 (quotation omitted). The district court did not abuse its substantial sentencing discretion.

The judgment of the district court is affirmed.

_____

-5-