# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 20-1376

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Jennifer Brunos

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: January 11, 2021
Filed: May 4, 2021
[Unpublished]

——————————

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Jennifer Brunos appeals the district court's[1] imposition of a sentence of 136 months imprisonment following her conviction for possession with intent to

———————————

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

distribute over 50 grams of methamphetamine, contending that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On February 24, 2019, drug task force detectives surveilled a Springdale, Arkansas residence for suspected drug transactions. Detectives witnessed Brunos and another individual depart from the surveilled residence in a vehicle with Brunos at the wheel. After she committed multiple traffic violations, the detectives conducted a traffic stop, during which they discovered that Brunos was on parole and had a warrantless search waiver[2] on file. Detectives searched the vehicle and found methamphetamine and related paraphernalia. Brunos admitted to receiving the methamphetamine and pointed officers to another quantity of methamphetamine which the officer had overlooked in the original search of the vehicle. Brunos was arrested and charged with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Brunos subsequently entered a plea of guilty pursuant to a plea agreement.

At sentencing, the district court heard objections to the presentence investigation report (PSR) prepared by the United States Probation Office. Brunos requested only that the district court note that an earlier arrest in Texas involving methamphetamine did not result in further charges. The district court declined to change the PSR but indicated that it would treat the incident as merely an arrest for sentencing purposes. Then, utilizing the PSR and the United States Sentencing Guidelines, the district court determined that Brunos's total offense level was 29 and that her criminal history category was IV. Accordingly, the Guidelines yielded a sentencing range of 121 to 151 months imprisonment; a subsequent term of

---

[2]Under Arkansas law, an individual who is placed on supervised probation or is released on parole is required to agree to a waiver of a warrantless search by law enforcement as a condition of his or her probation or parole. See Ark. Code Ann. § 16-93-106. This waiver permits law enforcement to conduct searches without an articulable suspicion that the individual is committing or has committed a crime, provided that law enforcement conducts such searches in a reasonable manner. Id.

supervised release between 4 and 5 years; a fine between $30,000 and $5,000,000; and a $100 special assessment.

The district court then conducted an individualized assessment analyzing the factors set forth in 18 U.S.C. § 3553(a). It heard arguments from each party's counsel and Brunos. The district court then addressed the factors it found to be aggravating including: the nature of the crime; the amount of methamphetamine involved—274 grams; the accumulation of Brunos's criminal history within a five-year span and the dangerous "trajectory" of her criminal history; and Brunos's evident failure to be deterred from such activity. The district court specifically referenced Brunos's 2019 arrest in Texas as evidence that Bruno had remained undeterred in her conduct but noted that it was not considering her culpability in that case. The district court then discussed the factors it found to be mitigating: Brunos's childhood and upbringing, which included abuse and neglect; her early exposure to drugs and alcohol at age nine; the non-violent nature of her conviction and criminal history; her expression of genuine remorse; and her cooperation with law enforcement throughout the proceedings, which included her assistance in locating additional methamphetamine in the vehicle. On balance, the district court found that the mitigating factors did not outweigh the aggravating factors and that a Guidelines-range sentence was appropriate. Accordingly, the district court sentenced Brunos to 136 months imprisonment to be followed by 4 years of supervised release; a $1,900 fine; and a $100 special assessment.

Brunos challenges the term of her sentence, arguing only that it is substantively unreasonable. Specifically, she argues that the district court improperly weighed the relevant factors, resulting in a sentence that is greater than necessary to accomplish the purpose of sentencing. "We consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard." United States v. Crumble, 965 F.3d 642, 646 (8th Cir. 2020). "A sentence which falls within the guideline range is presumed to be reasonable. [I]t is a defendant's burden to rebut the presumption and to show that the sentence should have been lower." United States v. Cosen, 965 F.3d 929, 932 (8th Cir. 2020) (alteration in

original) (citations omitted).  Further, "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."  Crumble, 965 F.3d at 647 (citation omitted).   Here, the district court methodically weighed the relevant factors, articulating each fact that it found aggravating and mitigating.  Brunos merely disagrees with the district court's conclusion.  However, "a defendant challenging the district court's sentence 'must show more than the fact that the district court disagreed with [her] view of what weight ought to be accorded certain sentencing factors.'"  United States v. Long, 906 F.3d 720, 727 (8th Cir. 2018) (citation omitted).  In light of the district court's detailed reasoning, we find that it did not abuse its discretion in crafting Brunos's sentence and that the resulting sentence is substantively reasonable.

For the foregoing reasons, we affirm Brunos's sentence.

_____