# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3361

_____

United States of America

*Plaintiff - Appellee*

v.

Damon Willis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 17, 2020
Filed: July 1, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

A grand jury charged Damon Willis with three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The counts related to arrests that occurred in 2015, 2016, and 2017. According to evidence presented at trial, Willis had claimed during two arrests that he was a "sovereign citizen" who

could lawfully possess any firearm that he did not deface or take across state lines. The petit jury returned guilty verdicts on two counts after being instructed that the government need not prove that Willis knew that he was prohibited from possessing a firearm.

Before sentencing, the Supreme Court decided <u>Rehaif v. United States</u>, which held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). After recounting Willis's extensive criminal history, the district court[1] determined that any error in instructing the jury did not affect Willis's substantial rights.

In light of <u>Rehaif</u>, it was plain error to not present to the grand and petit juries the question whether Willis knew that he belonged to the relevant category of persons barred from possessing firearms—*i.e.*, that he knew that he was a felon. <u>See</u> <u>United States v. Davies</u>, 942 F.3d 871, 874 (8th Cir. 2019) ("Under <u>Rehaif</u>, [the defendant] needed to know only that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms."); <u>United States v. Hollingshed</u>, 940 F.3d 410, 415 (8th Cir. 2019) ("Here, the absence of an instruction requiring the jury to find that Hollingshed knew he was a felon was clear error under <u>Rehaif</u>." (cleaned up)).

These plain errors did not affect Willis's substantial rights, however, because he cannot show a reasonable probability that he would not have been charged or that he would have been acquitted, if the correct question had been presented. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732–34 (1993) (to establish plain error, a defendant

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

must show an error, that is plain, and that affected the defendant's substantial rights); Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (to show that an error affects substantial rights in the ordinary case, the defendant must show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (cleaned up)); Greer v. United States, No. 19-8709, 2021 WL 2405146, *4 (U.S. June 14, 2021) (to establish that a Rehaif jury-instruction error affects substantial rights, the defendant must show "that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a reasonable probability that he would have been acquitted" (internal quotation marks omitted)). To demonstrate Willis's knowledge, the government has pointed to Willis's previous federal conviction for being a felon in possession of a firearm, his multiple state felony convictions, his several sentences exceeding one year, and his stipulation at trial that he was a felon. See Davies, 942 F.3d at 874 (explaining that the government usually "will be able to point to evidence in the record demonstrating that a defendant knew he was convicted [of a felony], preventing the defendant from showing a reasonable probability of a different outcome absent the error"); United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) (concluding that because defendant had "received and served several prison sentences longer than one year for felony convictions," it was not reasonably probable that he would have been acquitted if the government had been required to prove the defendant's knowledge of a previous felony conviction); see also Greer, 2021 WL 2405146, at *5 ("[W]hen an appellate court conducts plain-error review of a Rehaif instructional error, the court can examine relevant and reliable information from the entire record—including information contained in a pre-sentence report."). This record leaves no question that Willis knew that he previously had been convicted of a felony—regardless of whether he believed that the United States now lacked jurisdiction over him as a "sovereign citizen." Willis has not shown a reasonable probability that a grand or petit jury would have found otherwise. See United States v. Cotton, 535 U.S. 625, 633 (2002) (failing to submit element of the offense to grand jury not structural error requiring

reversal); Greer, 2021 WL 2405146, at *7 (Rehaif error in jury instructions not structural error).

Willis next argues that the district court erred in admitting certain testimony by detective Daur Nodari concerning Willis's possession of a firearm on September 5, 2015. Nodari was among the officers who responded to a call reporting gunfire. Upon arriving at the scene, the officers discovered Willis, who was injured and who said that he had been shot on Corbitt Avenue. They also found a Hi-Point C9 firearm. Officers spoke to witnesses on Corbitt Avenue. Nodari interviewed Willis two days after the shooting.

Over Willis's objection, Nodari testified regarding what three men had told officers about the shooting. The men said that an individual approached them on a front porch on Corbitt Avenue, demanded money, and "tr[ied] to rob them at gunpoint." They admitted to shooting the would-be robber after he had shot at them. Nodari further testified that the men had cooperated with law enforcement and had legally possessed firearms.

Willis argues that Nodari's testimony regarding what the men had said should have been excluded as inadmissible hearsay, to which the government responds that the testimony was not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c) (defining "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); United States v. Davis, 449 F.3d 842, 847 (8th Cir. 2006) ("A statement is not hearsay if it is offered for the limited purpose of explaining why a police investigation was undertaken." (cleaned up)). Even assuming that the testimony should have been excluded as inadmissible hearsay, any error in admitting it was harmless in light of the overwhelming evidence that Willis possessed the firearm that was found at the scene. Specifically, Nodari testified that when he showed Willis a photo of Hi-Point C9, Willis said, "That's my

gun." Willis also admitted to Nodari that he brought the firearm to Corbitt Avenue, that he planned to purchase drugs there, and that he "ha[d] the gun out" when he was shot.

The judgment is affirmed.

_____