# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2562
_____

United States of America

*Plaintiff - Appellee*

v.

Mark Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 12, 2023
Filed: March 31, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Mark Perkins was convicted of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] denied his motion to dismiss his indictment. After he was convicted, Perkins moved for acquittal, which the district court[2] also denied. We affirm.

I.

For prosecutions under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the Government must "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). Perkins argues that his indictment failed to allege—and the Government failed to prove—that he knew he belonged to the category of people barred from possessing a firearm as required by Rehaif.

We review both the sufficiency of an indictment and the denial of a motion for acquittal *de novo*. United States v. Prelogar, 996 F.3d 526, 530 (8th Cir. 2021) (sufficiency of indictment); United States v. Sholley-Gonzalez, 996 F.3d 887, 895 (8th Cir. 2021) (denial of a motion for acquittal). For the latter, "[w]e review the facts in the light most favorable to the verdict and will affirm if [the fact finder] could have found the defendant guilty of the charged conduct beyond a reasonable doubt." Sholley-Gonzalez, 996 F.3d at 895 (citation omitted).

A.

Perkins first argues that his indictment was insufficient because it did not charge, as an element of the offense, that Perkins knew of his prohibited status. But

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable W. Brian Gaddy, United States Magistrate Judge for the Western District of Missouri.

[2]The Honorable Beth Phillips, Chief Judge, United States District Court for Western District of Missouri.

"[a]n indictment is normally sufficient if its language tracks the statutory language," United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008), even if it does not charge the defendant with knowledge of his prohibited status. See United States v. Jawher, 950 F.3d 576, 579 n.2 (8th Cir. 2020) (indictment that did not allege that defendant knew of his prohibited status was sufficient because it tracked the statutory language); United States v. Caudle, 968 F.3d 916, 921 n.2 (8th Cir. 2020) (same); United States v. Gurley, 803 F. App'x 988, 989 (8th Cir. 2020) (same). Perkins's indictment closely tracks the language of §§ 922(g)(1) and 924(a)(2).

Perkins argues that Jawher and its progeny don't apply here because (1) Jawher addressed this issue in dicta since the case was remanded on other grounds, and (2) we reviewed for plain error in Jawher and Caudle, instead of *de novo*. But in Jawher, we necessarily decided whether the defendant's indictment was sufficient before deciding whether his guilty plea to that indictment was proper. Had his indictment been insufficient, we would have dismissed the case instead of remanding. And while we reviewed for plain error in Jawher and Caudle, in both cases we held there was no error at all, much less plain error. See Jawher, 950 F.3d at 579 n.2; Caudle, 968 F.3d at 921 n.2.

Based on the foregoing, we conclude Perkins's indictment was sufficient.

B.

Perkins next argues that the government did not present sufficient evidence that Perkins knew of his prohibited status under §§ 922(g)(1) and 924(a)(2). Under Rehaif, the Government only needed to prove that Perkins *knew* he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms. United States v. Davies, 942 F.3d 871, 874 (8th Cir. 2019). And, "[o]rdinarily, the Government will be able to point to evidence in the record demonstrating that a defendant knew he was convicted, preventing the defendant from showing a reasonable probability of a different outcome absent the error." Id.

Perkins stipulated that he pleaded guilty to three felonies punishable by more than one year in custody and served more than one year for each. One of those prior convictions was for being a felon in possession of a firearm. This is sufficient for a fact finder to find that Perkins knew he had been convicted of a crime punishable by imprisonment for a term of more than one year when he possessed the firearm in this case. See United States v. Owens, 966 F.3d 700, 709 (8th Cir. 2020) ("Rational jurors . . . could infer beyond a reasonable doubt that a felony conviction would be a significant life event that a person would know about when it happened and remember at a later date.").

Perkins also argues that the Government's evidence at trial created a fatal variance from his indictment because the indictment failed to allege that Perkins knew of his prohibited status. "A fatal variance occurs when the essential elements of the offense set forth in the indictment are left unaltered but the evidence offered at trial proves facts materially different from those alleged in the indictment." United States v. Emery, 186 F.3d 921, 928 (8th Cir. 1999) (citation omitted). But, "[r]eversal is not required if the variance is harmless, that is, if the indictment fully and fairly apprised the defendant of the charges he or she must meet at trial." Id. (citation omitted). Even if this discrepancy was a variance, it would have been harmless because Perkins was fully aware that he was charged for being a felon in possession of a firearm for knowingly possessing a Bersa nine-millimeter handgun on February 25, 2015. See United States v. Thomas, 791 F.3d 889, 897 (8th Cir. 2015) ("[N]o fatal variance occurred because, even with the introduction of evidence not specifically mentioned in the indictment . . . [the defendant] was fully and fairly apprised of the charges she had to defend against at trial.").

II.

Perkins's conviction is affirmed.

_____