# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3537

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Christopher Crook

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas

_____

Submitted: September 23, 2024
Filed: December 6, 2024
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Randy Crook pled guilty to unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] adopted the presentence investigation report as modified and calculated an advisory United States Sentencing

_____

[1]The Honorable D.P. Marshall Jr., then Chief Judge, now United States District Judge for the Eastern District of Arkansas.

Guidelines Manual (Guidelines) range of 92 to 115 months of imprisonment. Crook requested both a downward departure based on his physical condition under U.S.S.G. § 5H1.4 and a downward variance for his drug addiction and physical condition. The district court denied both the departure and variance and imposed a within-Guidelines sentence of 108 months of imprisonment, followed by a three-year term of supervised release. Crook challenges the substantive reasonableness of the sentence by arguing the district court abused its discretion by not granting either the downward departure or variance. We affirm.

We first consider Crook's argument that the district court erred by refusing to grant a downward departure under U.S.S.G. § 5H1.4 because of his physical condition. Crook maintains a downward departure was warranted because he suffered injuries in a past motorcycle accident and has high blood pressure. "However, a sentencing court's discretionary decision not to depart downward is not generally reviewable on appeal," unless there is evidence of an unconstitutional motive or lack of awareness of the authority to grant the departure. *United States v. Toothman*, 543 F.3d 967, 971 (8th Cir. 2008). Because Crook does not allege an unconstitutional motive or lack of authority to grant the departure, we decline to review the district court's denial of any departure.

We next consider Crook's argument the district court abused its discretion by not granting a downward variance due to his substance abuse issues and physical condition. "A sentence which falls within the guideline range is presumed to be reasonable." *United States v. Cosen*, 965 F.3d 929, 932 (8th Cir. 2020) (quoting *United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014)). The defendant has the burden to rebut this presumption and to show the sentence should be reduced. *See id.* "[D]istrict courts are allowed wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *Id.* (alteration in original) (quoting *Callaway*, 762 F.3d at 760).

Crook fails to rebut the presumption that the district court's within-Guidelines sentence is substantively reasonable. The district court considered Crook's history of drug addiction, his willingness to seek rehabilitation, and even "applaud[ed]" the changes he made to better his life. However, the district court also weighed "the sheer volume" of crimes Crook had previously committed. A district court does not abuse its discretion when it weighs the relevant factors differently than the defendant would prefer. *See United States v. Nguyen*, 829 F.3d 907, 926 (8th Cir. 2016). Here, the district court "considered these mitigating and aggravating factors, the advisory guidelines, and the statutory sentencing factors" under 18 U.S.C. § 3553(a), and "declined to vary upward to the statutory maximum, as the government requested, or downward, as [Crook] requested." *See Cosen*, 965 F.3d at 932. The district court concluded a sentence of 108 months of imprisonment was warranted because of Crook's extensive criminal history. Based on the record, we conclude that Crook has not rebutted the presumption of reasonableness accorded to his sentence. The district court did not abuse its discretion.

We affirm the district court's judgment.

_____