# IN THE COURT OF APPEALS OF IOWA

No. 23-1592
Filed May 21, 2025

**ROBERT EARL CARTER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Meghan Corbin, Judge.

An applicant convicted of first-degree murder and first-degree burglary appeals the denial of his application for new DNA profiling. **AFFIRMED.**

Shea M. Chapin of The Chapin Center, PLC, Dubuque, for appellant.

Brenna Bird, Attorney General, and Richard J. Bennett, Special Counsel, for appellee State.

Considered without oral argument by Schumacher, P.J., Chicchelly, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

Six years after being convicted of first-degree murder and first-degree robbery, Robert Carter applied for new DNA profiling of several pieces of evidence under Iowa Code section 81.10 (2022). The district court denied the application, and we affirm. Because all of Carter's requested samples were tested during his criminal proceeding and he conceded below that he is not seeking reprofiling using a new method or technology, the district court correctly denied his application.

## I. Factual Background and Proceedings.

In the summer of 2015, a man was stabbed in the abdomen in his apartment and later died from the injury. During the investigation, law enforcement collected various items from the crime scene and sent them to the Division of Criminal Investigation lab for DNA testing and analysis. Relevant here, those items included a knife, swabs from the exterior door handle, a sweatshirt, a wallet, and nail clippings. The DNA testing revealed an unknown male DNA profile, "Male A," was present on the door handle, sweatshirt, wallet, and nail clippings. The knife contained two profiles, including one that matched the victim's profile from a buccal swab, but no profile could be developed on the other contributor.

The Combined DNA Index System database matched Carter to the "Male A" DNA profile. From there, law enforcement collected buccal swabs from Carter and submitted them for further DNA testing, which confirmed he matched the "Male A" DNA profile located on the tested evidence. Carter was charged with first-degree murder and first-degree burglary, and a jury later found him guilty as charged.

In August 2022, Carter applied for new DNA profiling of the knife, door handle, sweatshirt, wallet, and nail clippings, as well as the prior buccal swabs from himself and the victim. In July 2023, Carter also requested an independent DNA expert at State expense to review the quality of the State's initial DNA profiling. The State moved to dismiss the application, arguing all items had already been tested and attaching the original DNA reports of the items.

During a September 2023 hearing on the State's motion, Carter clarified that his application sought new testing by a private laboratory and that he believed that sampling his blood, rather than cheek cells, would exclude him as the killer. As for his desired expert, he admitted no expert would testify that a blood sample would produce a different DNA profile than his original buccal swab. He also conceded that his request was not based on any new technology or method of DNA profiling. As a result, the district court denied Carter's application and requested expert, finding he failed to meet his burden for reprofiling. *See* Iowa Code § 81.11(1)(a). Carter now appeals.

## II. The Record on Appeal.

To begin, the parties dispute the scope of the record on appeal. In his appellant brief, Carter cites various filings in his underlying criminal case, including the minutes of testimony, as well as filings in his separately pending postconviction-relief (PCR) action. The State moved to strike the brief, arguing that neither the criminal nor PCR case was judicially noticed below, and thus Carter improperly cites to matters outside the record. *See* Iowa R. App. P. 6.801. In response, Carter reasoned that because applications for DNA profiling under section 81.10 can prompt a later PCR application, *see* Iowa Code § 822.2(1)(h),

his DNA-profiling application should also be governed by PCR procedures, including the requirement that the underlying criminal record be automatically incorporated into the PCR record, *see id.* § 822.6A. He also stressed that his DNA-profiling application was "closely related" to his PCR application. In a single-justice order, our supreme court ordered the State's motion be submitted with the appeal.

We think the State has the better argument. Carter filed his DNA-profiling application as a new case, with a new case number, separate from his criminal and PCR cases. He appeals a final ruling in that standalone DNA-profiling case. To be included in the record on appeal, it is not enough that his pending PCR case is "related" to this action. Instead, the record on appeal only includes "[d]ocuments from related cases *when judicial notice was taken* of the specific document or file." Iowa R. App. P. 6.801(d) (emphasis added). We also see no merit in Carter's contention that his DNA-profiling application should automatically incorporate the underlying criminal record under section 822.6A. *See* Iowa R. App. P. 6.801(e) (including in the appellate record "[d]ocuments or filings from other cases when required by law"). Carter supplies no authority to graft chapter 822's PCR procedures onto a standalone DNA-profiling application, brought under a separate DNA-profiling chapter, just because that application could one day prompt a PCR action. Thus, we will only consider the DNA-profiling record.[1]

---

[1] This outcome does not prejudice Carter, as his application for DNA profiling contained several pages of detailed factual allegations from his criminal proceeding, and those allegations largely track his narrative on appeal.

**III. Application for DNA Profiling.**

A defendant convicted of a felony or aggravated misdemeanor may apply to the district court "for an order to require that DNA profiling be performed on a forensic sample collected in the case for which the person stands convicted." Iowa Code § 81.10(1). To prevail, the applicant must satisfy five elements, including that the samples requested have either not been previously profiled, or if they have, that the application requests "DNA profiling using a new method or technology that is substantially more probative than the DNA profiling previously performed." *Id.* § 81.11(1)(a). We review the district court's application of the DNA-profiling statutes for correction of errors at law. *State v. Tong*, 805 N.W.2d 599, 601 (Iowa 2011).

On appeal, Carter reverses course from his position during the hearing and now argues that his application is based on his chosen expert utilizing a new method of DNA profiling. This he may not do. *See McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa Ct. App. 1989) ("[A] litigant cannot complain of error which he has invited or to which he has assented.").[2]

Yet even if we were to indulge his appellate about-face, Carter runs into another barrier: he never disclosed what this new method is, how it differed from the original profiling performed at the Division of Criminal Investigation lab, or why it is substantially more probative than the original method. Instead, Carter only argues that his desired expert would have "provide[d] the foundation for the

---

[2] *See also In re D.C.*, No. 24-1792, 2025 WL 401965, at *4 (Iowa Ct. App. Feb. 4, 2025) (explaining an appellant "cannot concede an element below and then seek to unwind his concession and litigate it on appeal").

significance of using a new method of DNA analysis." That is not enough to meet his burden. *See* Iowa Code § 81.11(1)(a).[3] Because Carter never supplied a new profiling method or alleged its superior probative value, his application for reprofiling and the corresponding request for an expert were properly denied.[4]

**AFFIRMED.**

---

[3] *See also Cue v. State*, No. 22-1133, 2024 WL 702234, at *7 (Iowa Ct. App. Feb. 21, 2024) ("Without any claimed new method, [the defendant]'s application fails on the first element . . . ."); *Tyson v. State*, No. 22-0104, 2023 WL 4759453, at *4 (Iowa Ct. App. July 26, 2023) (affirming denial of DNA-profiling application when applicant conceded he did not request retesting using new technology or methodology).

[4] For the first time on appeal, Carter tacks on an additional request to test another suspect's DNA. However, Carter's application did not request any new profiling of another person and the district court did not rule on this request. Thus, it is not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).